## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

AURORA LOAN SERVICES, LLC;    )
US BANK, N.A., as Trustee on behalf  )
of SASCO Mortgage Loan Trust; and  )
DLJ MORTGAGE CAPITAL, INC.,    )
                            )
        Plaintiffs,       )
                            )
v.                     )    Case No. CIV-23-01091-JD
                            )
BARBARA J. SHEPHARD,     )
                            )
        Defendant,       )
                            )
v.                     )
                            )
SELENE FINANCE, L.P.,      )
                            )
        Crossclaim Defendant.[1]  )

## <u>ORDER</u>

The Court ordered Defendant Barbara J. Shepard ("Defendant") to show cause

"why this case should not be remanded to the District Court of McClain County for lack

of subject-matter jurisdiction." [Doc. No. 15 at 3].[2] Defendant filed a Response to Order

to Show Cause ("Response"). [Doc. No. 16]. The Court then ordered Plaintiffs Aurora

Loan Services, LLC, U.S. Bank, N.A., and DLJ Mortgage Capital, Inc. (collectively

---

[1] The Court captions this action as the parties have captioned it based on the state court pleadings. While the Court will reference the "crossclaims" in this Order as Defendant has done in her pleadings to avoid confusion, they are third-party claims against Selene Finance, L.P., who is a third-party defendant.

[2] The Court uses CM/ECF page numbering from the top of docket filings in this Order.

"Plaintiffs") to respond to Defendant's Response, which Plaintiffs did. [Doc. Nos. 17, 20].[3] Defendant then filed a Reply. [Doc. No. 21].

Because the Court finds Defendant has failed to meet her burden to establish subject matter jurisdiction, the Court remands this case to the District Court of McClain County pursuant to 28 U.S.C. § 1447(c).

## I.    **BACKGROUND**

Plaintiffs Aurora Loan Services, LLC and U.S. Bank, N.A. initiated this case in state court, in the District Court for McClain County, requesting declaratory relief under state law. [Doc. No. 1-1]. Plaintiffs then filed an amended petition adding Plaintiff DLJ Mortgage Capital, Inc. as a plaintiff. [Doc. No. 1-2].

Defendant filed an Answer, Affirmative Defenses, Counterclaim, and Crossclaim, naming Selene Finance, L.P. as a third-party defendant and asserting counterclaims and "crossclaims" including claims for violations of the Fair Debt Collection Practices Act. [Doc. No. 1-5]. Defendant then removed the case to this Court, asserting federal question jurisdiction under 28 U.S.C. § 1331 based on her counterclaims and "crossclaims" under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and diversity jurisdiction

---

[3] Plaintiffs contend Defendant "has failed to establish subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332." [Doc. No. 20 at 2]. Plaintiffs do not address federal question jurisdiction, other than to contend the claims lack merit.

under 28 U.S.C. § 1332. [Doc. No. 1].[4] Defendant asserts she included diversity jurisdiction "as a second basis for removal." [Doc. No. 16 at 4].[5]

## II.    <u>STANDARD OF REVIEW</u>

The Supreme Court and the Tenth Circuit regularly refer to the determination of subject matter jurisdiction as the "threshold" question in any case. *See Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1201 (10th Cir. 2002) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). Given the primacy of subject matter jurisdiction, "[c]ustomarily, a federal court first resolves doubts about its jurisdiction over the subject matter." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999). Understandably, courts regularly consider pending remand disputes before wading further into a case. *See In re C & M Props., L.L.C.*, 563 F.3d 1156, 1162 (10th Cir. 2009).[6]

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and the Court's inquiry may be raised "at any stage in the litigation." *Arbaugh v. Y&H Corp.*, 546

---

[4] Although 28 U.S.C. § 1441(b)(2) precludes a citizen of the state in which such action is brought from removing to federal court based on diversity of citizenship, Plaintiffs did not raise the local defendant rule in their filings to this Court, so the Court does not reach this issue.

[5] Defendant raised only federal question jurisdiction in her cover sheet to her removal. *See* [Doc. No. 1-7].

[6] To this end, the Court need not resolve Plaintiffs' Motion seeking dismissal of certain plaintiffs under Federal Rule of Civil Procedure 41. [Doc. No. 18]. Subject matter jurisdiction must be assessed before addressing other motions and based on the state of facts that existed at the time of filing. *See Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006). Because the Court ultimately remands, it leaves it up to the parties to reassert any pending motions or disputes in state court.

U.S. 500, 506, 514 (2006); *see also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) (presuming "that federal courts lack jurisdiction unless the contrary appears affirmatively from the record," and the party asserting federal jurisdiction carries the burden of establishing the same).

A party seeking the exercise of jurisdiction in her favor "must allege in [her] pleading the facts essential to show jurisdiction." *Penteco Corp. Ltd. P'ship–1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). Jurisdiction may not "be conferred by consent, inaction or stipulation." *Id.* (remanding for failure of plaintiff to plead citizenship of each of its partners). To invoke federal question jurisdiction, the removing party must demonstrate the case arises under the Constitution, laws, or treaties of the United States. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 829 (2002) (citing 28 U.S.C. § 1331). "In order to invoke diversity jurisdiction, 'a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000.'" *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (quoting *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006)).

## III.  <u>ANALYSIS</u>

### A.    **Defendant has not asserted a basis for federal question jurisdiction.**

Although the Court's Order to Show Cause requested that Defendant outline her basis for asserting diversity jurisdiction, Defendant also asserts removal was proper based on federal question jurisdiction. [Doc. No. 16 at 3–4]; *see* [Doc. No. 1 at 2]. Defendant's basis for asserting federal question jurisdiction exists is her counterclaims and "crossclaims" arising under the Fair Debt Collection Practices Act, which Defendant

asserted in her Answer, Affirmative Defenses, Counterclaim, and Crossclaim. [Doc. No. 16 at 3–4]; *see also* [Doc. No. 1-5 at 13–15].

Defendant's counterclaims and "crossclaims" cannot be the basis for federal question jurisdiction. "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331." *Holmes Grp.*, 535 U.S. at 830. "[F]ederal jurisdiction generally exists 'only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint.'" *Id.* at 831 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Accordingly, Defendant's counterclaims and "crossclaims" cannot provide the basis for federal question jurisdiction because those allegations appear in Defendant's answer. *See id.* (stating "[i]t follows that a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction").

**B.    Defendant has not met her burden to show diversity jurisdiction exists.**

To establish diversity jurisdiction, Defendant must allege facts essential to demonstrate complete diversity between the parties and the requisite amount in controversy. *See Dutcher*, 733 F.3d at 987. At a minimum, Defendant has failed to adequately allege the citizenship of Plaintiff Aurora Loan Services, LLC ("Aurora"). In the Court's Order to Show Cause, the Court specifically advised "[t]he citizenship of a partnership, limited-liability company, or other unincorporated association is determined by the citizenship of each member of the entity." [Doc. No. 15 at 2]. Defendant, however, fails to allege facts sufficient to demonstrate the citizenship of Aurora. Defendant states Aurora "is no longer incorporated in any state, does not have a principal place of

business, and has no membership for diversity purposes." [Doc. No. 16 at 6]. Defendant argues that the Court should not consider Aurora's citizenship for diversity purposes. [*Id.*]. In her Reply, Defendant alleges that the Oklahoma Secretary of State lists Aurora as a foreign corporation registered to do business in Oklahoma. [Doc. No. 21 at 2]. In addition to being somewhat contradictory to Defendant's previous statement regarding Aurora, this does not demonstrate Aurora's citizenship for purposes of diversity.

As previously advised by the Court, "[t]he citizenship of a partnership, limited-liability company, or other unincorporated association is determined by the citizenship of each member of the entity." [Doc. No. 15 at 2 (quoting *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) and citing *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905–06 (10th Cir. 2015); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015))]. Accordingly, Defendant should outline the citizens of each of Aurora's members when Aurora was last active. Some authority exists that a legally dissolved corporate entity does not have citizenship for diversity purposes. *See, e.g.*, *Barham v. Toney*, No. CIV-14-388-JHP, 2015 WL 4897960, at *3 (E.D. Okla. Aug. 17, 2015) (unpublished) (concluding an "administratively cancelled" LLC had no citizenship for diversity purposes). Defendant, however, has not pleaded facts sufficient for the Court to conclude Aurora is a legally dissolved entity.

The Court concludes Defendant has not alleged facts sufficient for the Court to evaluate Aurora's citizenship. Because the Court concludes Defendant's allegations regarding Aurora are deficient, the Court does not address Defendant's allegations of diversity jurisdiction as to the remaining parties.

6

IV.    **<u>CONCLUSION</u>**

Because the Court determines that Defendant has not met her burden of establishing subject matter jurisdiction, the Court lacks subject matter jurisdiction and REMANDS the action under 28 U.S.C. § 1447(c) to the District Court of McClain County, State of Oklahoma, for further proceedings. Each side shall bear her or their own attorney's fees, costs, and expenses related to the removal and remand.

IT IS SO ORDERED this 3rd day of March 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE